IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GEORGE L. POTTER                                                              PLAINTIFF

v.                               CIVIL NO. 04-5193

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff George L. Potter brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security (Commissioner), finding that due to medical improvement, as June 1, 1995, plaintiff is no longer entitled to child's supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act; and denying his claims for disability insurance benefits (DIB) under the provisions of Titles II Act

**Procedural Background:**

Plaintiff was originally found disabled and entitled to child's SSI under the provisions of Title XVI of the Act beginning January 1, 1993, due to a learning disability and speech and language delay. (Tr. 16, 53-69). Plaintiff subsequently filed an application for child's DIB under Title II of the Act. (Tr. 16). On July 1, 1995, plaintiff, who turned eighteen years of age on March 8, 1995, was re-evaluated under the procedure requiring redetermination for individuals receiving childhood SSI disability benefits who attain eighteen years of age, and it was determined that plaintiff was not disabled as of June 1, 1995. (Tr. 112-124). After a hearing was

1

held before an ALJ on March 24, 1998, this ALJ in a written decision dated May 29, 1998, found that plaintiff was not disabled, as he retained the residual functional capacity (RFC) to perform the physical exertion requirements of work except for skilled work, and lifting over twenty pounds. (Tr. 16-23, 34-51).

Plaintiff appealed this decision in federal district court. In a decision dated February 10, 2003, this court remanded plaintiff's case back to the Commissioner for a new hearing and decision requiring re-evaluation of plaintiff's RFC and procurement of vocational expert (VE) testimony. (Tr. 539-543). The Appeals Council vacated the ALJ's decision and remanded plaintiff's case back to the ALJ. (Tr. 544-545). A supplemental hearing was held on October 21, 2003. (Tr. 658-706).

By written decision May 28, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe but was not disabled as of June 1, 1995. (Tr. 533). The ALJ found plaintiff retained the RFC to work involving understanding, remembering and carrying out simple one to two step task-oriented, as opposed to production-oriented, instructions and/or tasks. (Tr. 531). With the help of vocational expert testimony, the ALJ found plaintiff was able to perform other work as a housekeeper and a janitor. (Tr. 533).

Plaintiff appealed the decision of the ALJ to the Appeals Council. When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner.[1] Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties were afforded the opportunity to file an appeal brief; however, only defendant chose to do so. (Doc. # 7). This case is before the undersigned pursuant to the consent of the parties.

---

[1] The Appeals Council's letter denying review is not part of the record presently before the court.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Regulations provide that redetermination of an individual's right to SSI disability benefits is required when the individual, who become eligible for SSI disability benefits as a child, turns eighteen years of age. 20 C.F.R. § 416.987. When the individual's eligibility for disability benefits is redetermined at age eighteen, the rules applied are those applicable to adults who file new disability applications, which are set forth in 20 C.F.R. § 416.920.

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

3

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to question the VE concerning plaintiff's borderline intellectual functioning. The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a VE. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). In the present case, the ALJ concluded that plaintiff suffered from borderline intellectual functioning. (Tr. 531, 549, 655). However, in his hypothetical question

4

to the VE, he merely stated that plaintiff could perform work that required only simple, one and two-step tasks which were task oriented and not quota driven. (Tr. 697). He failed to include plaintiff's borderline intellectual functioning in this hypothetical. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997) (holding that borderline intellectual functioning indicates a significant nonexertional impairment that needs to be considered by a VE); *see also Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir.1998)("If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or it is otherwise inadequate, a VE's response cannot constitute substantial evidence to support a conclusion of no disability."). As such, we believe that remand is necessary to allow the ALJ to re-examine plaintiff's mental impairment and question the VE accordingly.

We are also concerned by the ALJ's failure to discuss plaintiff's alleged illiteracy and how that might affect his ability to perform substantial gainful activity. *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998) (citations omitted). Plaintiff testified that he was illiterate at the October 23, 2003, supplemental hearing. (Tr. 666). Drs. Douglas A. Stevens and Robert L. Hudson also indicated plaintiff was illiterate. (Tr. 465, 654). On remand, the ALJ is directed to more fully and fairly develop the record regarding plaintiff's literacy. Should further testing be required, tests such as the Wechsler Individual Achievement Test (WIAT), the Wide Range Achievement Test 3 (WRAT3), or the Woodcock-Johnson Psychoeducational Battery– Revised: Tests of Achievement (WJ-R ACH), are designed to measure people's ability to, among other things, read and write. *Id*. If the ALJ determines plaintiff is in fact illiterate, he should include this fact in the hypothetical questions to the VE.

5

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)